Filed 10/27/25  P. v. Barnett CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D084560 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD302406) |
| TRAVIS SPENCER BARNETT, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Aaron H. Katz, Judge.  Affirmed.

Laura Arnold, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.


A jury convicted Travis Spencer Barnett of one count of battery with serious bodily injury (Pen. Code, § 243, subd. (d); count 1) and two counts of assault by means of force likely to produce great bodily injury (*id*., § 245,

subd. (a)(4); counts 2 & 3).[1]  With respect to counts 1 and 2, the jury also found true allegations that Barnett personally inflicted great bodily injury on the victim within the meaning of section 1192.7, subdivision (c)(8) and section 12022.7, subdivision (a), respectively.  After trial, Barnett admitted a strike prior allegation and serious prior felony allegation.  The trial court also revoked Barnett's probation in a separate case in which he had entered a guilty plea.  The court sentenced Barnett to a total prison term of 12 years and four months.

Barnett appealed, and his court-appointed counsel filed a brief raising no issues but seeking our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*).  We informed Barnett of his right to file a supplemental brief under *Wende* and *Anders*, but he did not respond.  Based on our independent review of the record, we find no reasonably arguable appellate issues and affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In December 2023, Barnett was incarcerated in the San Diego Central Jail in a cell with two other inmates, M.B. and D.S.  M.B. testified at trial that Barnett's bunk was directly above his.

On the morning of December 24, 2023, while M.B. was changing his clothes in his bunk, he bumped against Barnett's bunk, disturbing Barnett.  Shortly after, Barnett kicked M.B. in the face, causing his nose and lips to bleed.  M.B. pressed the call button to summon the jail deputies.  M.B. was taken to the medical bay, where he was cleaned up and given ice for his injuries.

---

[1]     Subsequent undesignated statutory references are to the Penal Code.

Initially, M.B. did not tell the deputies that Barnett had assaulted him. Instead, he said he slipped in the cell and hit his face on the door. Later, after jail officials threatened to "write everybody up," M.B. told the deputies Barnett had kicked him in the face. M.B. also asked to be separated from Barnett. Later that day, M.B. was moved to a different cell.

On December 30, 2023, D.R. was Barnett's cellmate at the San Diego Central Jail. The men were housed together for just a few hours. That day, the Detroit Lions were playing the Dallas Cowboys in the NFL playoffs. D.R. was a Lions fan and excited about the game. He could not see the television set, and, through the cell's food slot, asked the deputies and other inmates what the score was several times. D.R.'s questions annoyed Barnett, and Barnett told D.R. to shut up. The men began arguing. Barnett then physically attacked D.R., punching him in the face and breaking his nose. Barnett also punched and kicked D.R. in the chest, fracturing nine ribs. D.R. told the jury Barnett was enraged, and D.R. believed Barnett wanted to kill him.

D.R. tried to defend himself and yelled at Barnett to get off. He was eventually able to press the cell's call button and deputies removed D.R. from the cell. D.R. was taken to the medical bay and then transported to the hospital for treatment. D.R. had surgery for a ruptured spleen and stayed at the hospital for a day and a half or two days. After he was discharged, D.R. returned to the hospital for follow-up because of excruciating pain from the rib fractures. After the attack, D.R. was moved to a different cell.

At trial, Barnett took the stand in his own defense. He denied kicking M.B., and testified that he only found out M.B. was injured when he woke up and saw blood on M.B.'s shirt. Barnett also testified he was surprised to learn M.B. had accused him of the assault. With respect to D.R., Barnett

3

testified D.R. had instigated the fight and that Barnett punched D.R. only when D.R. blocked him from reaching the cell's call button. Barnett said that after he knocked D.R. down, D.R. got back up and punched Barnett, who returned another punch to D.R.'s ribs, causing D.R. to go to the ground. D.R. then got up and tried to stab Barnett with a pencil. Barnett then started cleaning up blood in the cell, which was from Barnett's one punch to D.R.'s nose, and deputies arrived ten minutes later and took D.R. away.

On March 27, 2024, Barnett was charged with assault by means of force likely to produce great bodily injury against M.B. (§ 245, subd. (a)(4); count 1); assault by means of force likely to produce great bodily injury against D.R. (§ 245, subd. (a)(4); count 2); battery resulting in infliction of serious bodily injury against D.R. (§ 243, subd. (d); count 3). With respect to count 3, the information also alleged Barnett personally inflicted great bodily injury within the meaning of section 1192.7, subdivision (c)(8) and with respect to count 2, the information alleged Barnett personally inflicted great bodily injury within the meaning of section 12022.7, subdivision (a). The information further alleged Barnett suffered nine prior felony convictions, dating back to 2004, one of which constituted a strike and a serious felony prior, within the meaning of sections 667, subdivision (a)(1), 668, and 1192.7, subdivision (c), and section 667, subdivisions (b) through (i).

The trial court bifurcated the prior conviction enhancements and allegations, and the case was tried to a jury, which returned guilty verdicts as to all counts and found the two related enhancements true. After the jury trial, Barnett waived his right to a jury trial on the prior conviction enhancements and admitted the strike prior and serious felony prior convictions.

4

Barnett's sentencing also included a separate case in which he had previously been committed to state prison, case number SCD298313. In that case, Barnett pleaded guilty to two counts of felony vandalism and was sentenced on August 28, 2023, to a state prison term of 3 years and 8 months, conditioned on his waiver of section 4019 credits, "past, present, and future." Execution of the sentence was suspended and Barnett was placed on formal probation. Before trial in the present case, the trial court formally revoked probation in case SCD298313 and lifted the stay of execution of sentence.

At the sentencing hearing, the court recalled the sentence in case number SCD298313. The trial court then selected count two in the underlying case (SCD302406) as the base term, and imposed the middle term of three years, doubled, due to the strike prior allegation, plus three years for the section 12022.7, subdivision (a) enhancement, for a total base term of nine years. The court also imposed a subordinate term of two years for count 1 and imposed two additional subordinate terms of 8 months each for the crimes in case SCD298313. The court imposed and stayed punishment for count 3 pursuant to section 654 and struck the punishment for the serious felony prior. The court also ordered Barnett to pay $400 in victim restitution in case SCD298313, and to pay minimum mandatory fees.

For the present case, the court awarded Barnett 182 days of custody credit, calculated as 159 actual and 23 credits pursuant to section 4019. For the subordinate terms for case SCD298313, the court awarded Barnett 273 days of custody credit, calculated as 237 actual, plus 36 days credit pursuant to section 2933.1.

Barnett timely appealed from the judgment.

DISCUSSION

Barnett's appellate counsel filed a brief pursuant to *Wende, supra*, 25 Cal.3d 436 and *Anders, supra*, 386 U.S. 738.  Counsel included a statement of the case and facts but argued no grounds for reversal of the judgment. Barnett's counsel asked this court to independently review the record for error.  Pursuant to *Anders*, counsel identified one issue to assist the court: Whether Barnett is entitled to an additional 84 days of custody credits under section 2933, subdivision (a) in case SCD298313 for the time he was in custody from May 6, 2024 to July 29, 2024, or if his credits were properly limited to 15 percent under section 2933.1 because the prison term in that case was subordinate to a prison term for a violent felony.

We reviewed the entire record as required by *Wende* and *Anders*.  We have found no arguable issues for reversal on appeal.  Competent counsel represented Barnett both at trial and on appeal.

## DISPOSITION

The judgment is affirmed.

McCONNELL, P. J.

WE CONCUR:

KELETY, J.

RUBIN, J.

6